DOUCET, Judge.
This'case arises out of an inter sectional collision at Louisiana Highway 1 South and Bienville Street in the City of Natehitoches, Louisiana on August 16,1980. The defendants are: The City of Natchitoches, John Pueblo, a member of the Natchitoches City Police Department and Hartford Accident & Indemnity Company, the city’s insurer. The defendants answered denying liability and filed a reconventional demand for property and general damages. Judgment was rendered by the trial court in favor of plaintiff and against all defendants in solido for $1,292.33 in property damages and $500 for bodily injury. The defendants have appealed. Plaintiff has answered the appeal seeking an increase in the property damage award.
The principal issue is whether the trial court erred in finding the cause of the accident to be the negligence of the defendant, John Pueblo.
The accident occurred at about 9:20 p. m. Louisiana Highway 1 is a two-lane highway which runs north and south through the city of Natchitoches where it intersects Bienville Street, also a two-lane throughway running east and west. At the intersection, stop signs are located on Bienville Street, making Louisiana Highway 1 the favored thoroughfare.
Plaintiff was operating his Buick automobile west on Bienville Street when he approached the intersection at Louisiana Highway 1. According to plaintiffs testimony, he came to a complete stop at the intersection intending to make a left turn to travel south on Louisiana Highway 1. Plaintiff looked in both directions to see if the way was clear for a left turn. To his left, Plaintiff noticed one vehicle heading north approximately 60 or 70 yards away and after checking once again to his right he proceeded to make the left turn. At this point the vehicle approaching from the left veered off to the right and a police car with siren and lights flashing came around from behind at a rapid rate of speed. Plaintiff stated that upon seeing the police car he came to an immediate stop which placed him about one-half the way out into the north bound lane of Louisiana Highway 1. Plaintiff then testified that the police ear which was traveling down the center of Louisiana Highway 1 veered back into the north bound lane and collided with the rear end of his vehicle. Plaintiff testified that he had not heard the siren nor seen the flashing lights until he had begun his turn.
John Pueblo, a police officer, and his partner, Charles Frederick, were out on routine patrol when they received a house fire call. Officer Pueblo stated that as soon as he received the call he activated his lights and siren and began heading north on Louisiana Highway 1. He stated he first saw the Knecht vehicle at the Bienville intersection about 50 yards ahead of him. According to Officer Pueblo’s testimony, the Knecht vehicle slowed down at the intersection but did not stop and then pulled out directly in front of him. Officer Pueblo estimated his speed to have been between 25 and 30 miles per hour.
William Dark was the driver of the vehicle which plaintiff first saw to his left. Dark testified that he was traveling north on Louisiana Highway 1 when he heard the siren coming from behind him and pulled over to the right to allow the police car to pass. Dark noticed plaintiff’s vehicle stopped at the stop sign at the Bienville intersection. At the same time he pulled over to the right, he saw plaintiff pull out into the north bound lane of Louisiana Highway 1 and then come to an immediate stop. Dark testified that as the police ear approached plaintiff’s vehicle it veered to the right. Mr. Dark estimated the police car was traveling from 50 to 60 miles per hour when he saw it.
Defendants maintain that Officer Pueblo’s operation of the police vehicle in response to an emergency call fell within the protective scope of LSA-R.S. 32:24. This statute provides in pertinent part as follows:
“§ 24. Emergency vehicles; exceptions
A. The driver of an authorized emergency vehicle, when responding to an emergency call, or when in the pursuit of an *1150 actual or suspected violator of the law, or when responding to, but not upon returning from, a fire alarm, may exercise the privileges set forth in this Section, but subject to the conditions herein stated.
B. The driver of an authorized emergency vehicle may:
ífc Jfc SjC 8j«
(3) Exceed the maximum speed limits so long as he does not endanger life or property;
C. The exceptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of audible or visual signals sufficient to warn motorists of their approach, except that a police vehicle need not be equipped with or display a red light visible from in front of the vehicle.
D. The foregoing provisions shall not relieve the driver of an authorized vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.”
We have no difficulty in concluding that, under the circumstances, Officer Pueblo’s vehicle qualified as an emergency vehicle as contemplated in R.S. 32:24. Although Section B(3) permits the driver of an authorized emergency vehicle to exceed the maximum speed limits, he is still under “the duty to drive with due regard for the safety of all persons.” The testimony offered established that Officer Pueblo was traveling at a rapid rate of speed in a highly congested area where it was foreseeable that vehicles such as plaintiff’s would be entering or crossing at major intersections. This court finds, as did the trial court, that Officer Pueblo failed to drive with due regard for the safety of all persons and was thus negligent.
Defendants further assert as a defense that plaintiff was contributorily negligent in attempting a left hand turn when he should have heard the siren or seen the flashing lights of Officer Pueblo’s vehicle. Alternatively, defendants contend that plaintiff was comparatively negligent.
Although under normal conditions the flashing lights and the siren of an emergency vehicle would be sufficient to warn nearby motorists, circumstances in the present case may have prevented plaintiff from being put on notice of the oncoming police car. As stated above, Pueblo’s vehicle was approaching at a rapid rate of speed, thus the siren may have been audible for only a brief period of time. Plaintiff testified that his windows were up and, it being mid-August, he may have been running the air conditioner. Furthermore, as the traffic was heavy there were other lights to distract from the lights of a police car. There was further insubstantial evidence that plaintiff ran the stop sign at the Bienville intersection. Plaintiff’s testimony, which was corroborated by that of Mr. Dark, was that he came to a complete stop before attempting to turn onto Louisiana Highway 1. The burden of proving contributory negligence is upon the defendant. In the present case, defendants have failed to meet this burden.
The trial court’s findings of negligence on the part of Officer Pueblo and lack of negligence on the part of plaintiff are findings of fact. Under the principle announced by the Supreme Court in Canter v. Koehring Company, 283 So.2d 716 (La.1973) and later clarified in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), the trial judge’s factual findings are not disturbed on appellate review unless the record establishes that they are clearly wrong. Our review of the entire record indicates that the trial court was not clearly wrong in its findings.
 With respect to the issue of damages, plaintiff complains that the trial court erred in failing to include depreciation as a factor in calculating the property damages to his vehicle. At the trial, plaintiff produced expert testimony establishing that repairs could not totally conceal the fact that the car had been wrecked, and that as a result it had suffered $800.00 depreciation. In view of that testimony, which was *1151 not contradicted, we agree that the trial court erred in failing to include depreciation as a factor in awarding damages. Depreciation is a proper factor for consideration in computing property damages when, as in this case, it can be proved. La. Power & Light Company v. Smith, 343 So.2d 367 (La.App. 4th Cir. 1977). In the present case, however, plaintiff has sought only $500.00 for such item and his recovery will be limited to that amount.
For the above and foregoing reasons, the judgment of the trial court is amended to increase the property damage award to the sum of $1,792.00, and as amended, the judgment is affirmed. All costs of this appeal are assessed against the defendants.
AMENDED AND AFFIRMED.